IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 12 |
| | ) | |
| Mark and Susan Epperson, | ) | Case No. 10 B 48210 |
| | ) | |
| Debtors. | ) | Judge Manuel Barbosa |
| | ) | Geneva, Illinois |

## NOTICE OF MOTION

TO:   See attached Service List.

    YOU ARE HEREBY NOTIFIED that on January 13, 2011 at 10:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Manuel Barbosa, or any Judge sitting in his stead, in Courtroom 250 of the Kane County Courthouse, Geneva, Illinois and then and there present the attached **Amended Motion for Use of Cash Collateral and for Order Granting Adequate Protection,** at which time you may appear if you so deem fit.

                                                                                      /s/ John Ruddy

## ATTORNEY'S CERTIFICATE

    I, John Ruddy, an attorney, certify that I caused the above and foregoing Notice and Motionto be served on the Trustee by electronic court notice and on the remaining above-listed person(s) and/or firm(s) by depositing a true and correct copy of the same in the United States Mail, proper postage prepaid, at Aurora, Illinois, on the 7th day of January, 2011.

                                                                                      /s/ John Ruddy

RUDDY, MILROY & KING, LLC
1700 N. Farnsworth Ave., Suite 12
Aurora, Illinois 60505-1512
(630) 820-0333
(630) 820-0594 fax

**In re: Mark and Susan Epperson, 10 B 48210**
*Service List*

Deborah Kanner Ebner, Esq.
Chapter 12 Trustee
(via electronic court notice)

Office of the U.S. Trustee, Region 11
(via electronic court notice)

1st Farm Credit Services
c/o James L. Wright, Esq.
(via electronic court notice)

1st Farm Credit Services PCA
2950 N. Main Street, Suite 2
Princeton, IL 61356-9817

1st Farm Credit Services FLCA
2950 N. Main Street, Suite 2
Princeton, IL 61356-9817

Diversified Financial Services
PO Box 30238
Omaha, NE 68103-1338

Hendrickson Flying Service, Inc.
21532 Quinto Rd.
Rochelle, IL 61068-9413

Central Mortgage Company
PO Box 8025
Little Rock, AR 72203-8025

PHI Financaial Services, Inc.
P.O. Box 660635
Dallas, TX 75266-0635

Central Mortgage Company
c/o Pierce and Associates, P.C.
1 North Dearborn St.
Suite 1300
Chicago, Illinois 60602-4321

PHI Financial Services, Inc.
c/o Abendroth and Russell, P.C.
2560 73rd Street
Des Moines, IA 50322-4700

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 12 |
| | ) | |
| Mark and Susan Epperson, | ) | Case No. 10 B 48210 |
| | ) | |
| Debtors. | ) | Judge Manuel Barbosa |
| | ) | Geneva, Illinois |

### AMENDED MOTION OF DEBTORS FOR USE OF CASH COLLATERAL AND FOR ORDER GRANTING ADEQUATE PROTECTION

NOW COME the Debtors, Mark and Susan Epperson, by and through their attorneys, Ruddy, Milroy & King, LLC, and in support of their Amended Motion for Use of Cash Collateral, state as follows:

1. The Debtors filed their Chapter 12 Bankruptcy Petition on October 28, 2010. Pursuant to 11 U.S.C. §1203, the Debtors have retained possession of their assets and are authorized thereby, as debtor in possession, to continue the operation of the Debtors' farm.

2. The court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (M) and (O). Venue is proper in this court pursuant to 28 U.S.C §§1408 and 1409.

3. This Motion is brought pursuant to §§105(a), 361 (2), and 363(b) of the Bankruptcy Code, Bankruptcy Rule 4001(b), and Local Bankruptcy Rule 4001-2.

4. The Debtors, under six loan facilities, owe a secured creditor herein, 1st Farm Credit Services ("1st Farm"), approximately $276,396.66, $323,231.73, $268,989.18, $153,268.68, $281,700.25, and $114,605.08 under various mortgages and UCC filings for

a total amount of approximately $1,418,191.58.

5. 1st Farm claims a lien on "all farm products (including all crops growing, harvested, or grown, and livestock and commodities), equipment, accounts and general intangibles (including government payments), and documents of title for any commodities on hand or later acquired" via UCC filings.

6. That the Debtors have sold certain crops subject to the lien and were issued two checks in the amount of $59,886 and $9,403.65. Said checks were issued to the Debtor, Mark Epperson, and 1st Farm. Copies of the checks in the Debtors' possession are marked as Exhibit A and are attached hereto and made a part thereof. The two checks are in the total amount of $69,289.62.

7. An immediate need exits for the Debtors to use cash collateral, specifically the checks referenced above, in order to purchase seed and other necessary supplies for the upcoming growing season to maintain and preserve the viability of the business of the Debtors and prevent immediate and irreparable harm.

8. The Debtors request the authority to use cash collateral on an interim and final basis.

9. In order to grant additional protection to 1st Farm, the Debtors are requesting the Court, pursuant to 11 U.S.C. § 361(2), grant an additional lien on an irrigation pivot which is used to irrigate 135 acres of crop land which the Debtors are renting. The irrigation pivot has a fair market value of approximately $70,000,00[1]. Prior to the Chapter 12 filing, the Debtors paid off the lien on this item which was held by Diversified Financial Services.

---

[1] The Debtors reserve the right to present evidence at hearing which would increase or decrease the estimated market value of this item.

10. Without the use of cash collateral, the Debtors will suffer immediate and irreparable harm.

11. Attached is a proposed interim order authorizing the Debtors to use cash collateral. Under the proposed order, the Debtors propose to grant replacement liens in favor of 1st Farm to the same extent and with the same validity and priority as the prepetition liens of 1st Farm. In addition, as set forth above, the Debtors would grant a further lien on the irrigation pivot.

12. There are no provisions in the proposed order required to be highlighted under Local Bankruptcy Rule 4001-2.

13. For all of the foregoing reasons, cause exists to enter the proposed order to facilitate the continued operation of the farm and to prevent the disruption that would result if the Debtors were deprived of the use of these funds.

14. The Debtors seek entry of an order approving cash collateral to become final unless objections are filed within 15 days.

WHEREFORE the Debtors, Mark and Susan Epperson, pray for the following relief:

A. That this Court enter an order approving use of cash collateral and granting an additional lien in accordance with this Motion; and

B. For such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

                                      Mark and Susan Epperson

Dated:  January 7, 2011

                                   By:           /s/ John Ruddy
                                     One of the attorneys for the Debtors

RUDDY, MILROY & KING, LLC
1700 N. Farnsworth Ave., Suite 12
Aurora, IL 60505
(630) 820-0333
(630) 820-0594 fax